VÉLEZ, PLAINTIFF AND APPELLANT, v. PORTO RICAN AND AMERICAN INSURANCE COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in an Action to Recover on an Insurance Policy.

No. 2914.—Decided June 25, 1923.

INSURANCE—EVIDENCE—IMPEACHMENT OF WITNESS.—If a witness whose credibility is challenged on the ground that previously he had made contrary statements under oath before a notary is not shown the document containing such statements, as required by section 159 of the Law of Evidence, it can not be held that his credibility has been impeached.

ID.—ID.—COLLISION.—It having been proved that the destruction of the insured truck was caused by the efforts of the chauffeur to avoid running over an

equestrian whose frightened steed had thrown him, whereby the truck collided violently with a pile of stone on the road and fell over a precipice into the river, it is concluded that the accident is covered by a policy which makes the insurer liable ''when the damage or destruction is caused by accidental collision with another fixed or moving object, excluding damages caused by a fall or overturning, unless the fall or overturning is the direct and immediate result of such accidental collision.''

Id.—Id.—Id.—Measure of Damages.—On evidence that the insured truck was worth more than $4,000 and that it was rendered unserviceable, a judgment for that amount is proper.

The facts are stated in the opinion.

Mr. J. Valdejuly for the appellant.

Messrs. Chas. Hartzell and F. Ramírez de Arellano for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

On May 21, 1921, Guillermo Vélez insured a motor truck against collision for the sum of $4,000 with the Porto Rican and American Insurance Company, the corresponding clause of the policy being as follows: To indemnify the insured against loss by damage or destruction only if caused by accidental collision with another fixed or moving object, excluding damages caused by fall or upset, unless the fall or upset is the direct and immediate result of such accidental collision.

Vélez sued the said corporation for the sum of $4,000, alleging that on November 21, 1921, the said truck suffered a collision that totally destroyed it, whereby he lost his truck valued at and insured for $4,000, and that the defendant had not paid in whole or in part the loss of $4,000, notwithstanding the demands made by him therefor. The defendant opposed the claim, alleging that there was no collision because the truck did not collide with any fixed or moving object but swerved from the middle of the road without any reason towards a precipice over which it fell into the river where it remained partially submerged, and that the reason for not paying the amount claimed was that the accident to the truck was not covered by the policy.

It denied for lack of sufficient information that the plaintiff lost his truck valued at $4,000.

After trial the court below rendered judgment dismissing the complaint for the reason that the facts and the law were in favor of the defendant, but wrote no opinion in support of the judgment.

The plaintiff appealed and alleges as the only ground of appeal that the trial court erred in weighing the evidence.

According to the answer the reason of the defendant for refusing to pay the $4,000 was that the accident was not covered by the policy, because the fall of the truck over the precipice was not the direct and immediate result of an accidental collision with a fixed or moving object. It may be understood also from the answer that it neither questions nor denies the amount of the loss suffered by the plaintiff, but only denies any obligation to pay any amount in accordance with the manner in which it describes the cause of the fall of the truck. For this reason, no doubt, the evidence at the trial was almost exclusively about how the accident occurred.

It appears from the testimony of the plaintiff's witnesses that while being driven down a grade along the road from Lares to Arecibo at about 5 o'clock in the morning, when it was still dark, suddenly at a slight curve the truck met a man on horseback and the horse became frightened and threw the man in front of the truck; that in order to avoid running over the man the chauffeur threw the steering wheel to the right and the truck collided with one of several piles of stone on the right side of the road in such a violent manner that he lost his hold of the wheel and the truck fell over the precipice into the river. Such was the testimony of the chauffeur, Venancio Román, of Ramón Luciano and José S. Pérez, who were sitting beside the chauffeur, and of Eulogio Feliciano, the equestrian who was

thrown by his steed. The road inspector, Francisco Román, also testified that having been advised of the accident by the chauffeur, he went to the place at 7 a. m. and saw marks showing that the truck had collided with a pile of stone. Guillermo Vélez, the owner of the truck, did not witness the accident, but afterwards he saw the truck at the bottom of the precipice with its front part in the river, and in his notice in writing to the defendant corporation with regard to the accident he stated, from what the chauffeur told him, that while the truck was going towards Arecibo "the steering wheel stuck and the truck fell over the precipice on the right, the passengers and the chauffeur being compelled to jump off, * * * and the truck went over a precipice into the river where it is to be found. * * * The broken parts observed are the top, a part of the body, the steering wheel and the headlights, it being unable to ascertain the other damages because the truck is partly covered by the water of the river."

The defendant offered no evidence to contradict these statements, but attempted to impeach the testimony of Ramón Luciano, one of the three persons who were in the truck when the accident occurred, saying that on another occasion this witness had stated exactly the contrary in a deposition sworn to before a notary, and, without showing this deposition to the witness before asking him about its contents, as required by the last subdivision of section 159 of the Law of Evidence, asked him whether he had previously stated that as it was impossible for the chauffeur to control the truck because of some trees, he jumped off and abandoned the truck; whereupon the witness answered that he said that there was a pile of stone and insisted that he had not testified that there were also walls and trees, but only that there was a pile of stone. The witness having denied stating before a notary what the defendant's counsel asked him about and the deposition that the defendant said

the witness had previously made before a notary not having been produced at the trial, the court below could not hold, nor can this court, that the testimony of this witness was impeached.

Nor does the statement made by Vélez, the owner, in his notice to the defendant that the accident occurred because "the steering wheel stuck" contradict the testimony of the witnesses with regard to the manner in which the accident occurred, for they all testified that the chauffeur rolled the steering wheel in order not to kill the man who fell from the horse and that for this reason the truck collided with the pile of stone and fell over the precipice.

Consequently we are of the opinion that the facts were as shown by the plaintiff's evidence and that the fall of the truck over the precipice was caused directly and immediately by the accidental collision of the truck with a pile of stone, and that in holding that the facts were in favor of the defendant the court committed manifest error in weighing the evidence.

As we have said before, the real issue in this action was as to whether the accident is covered by the policy and not about the amount of the claim; but notwithstanding this, the testimony of Vélez showed that the truck was worth more than $4,000 and that of the chauffeur that the truck was rendered unserviceable and the parts remaining would be worth about $400; therefore, we are of the opinion that the defendant should pay the plaintiff the $4,000 claimed by him.

The judgment appealed from is reversed and substituted by another sustaining the complaint without special imposition of costs.

*Reversed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.